IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| HILDA SOLIS<br>SECRETARY OF LABOR,<br>UNITED STATES DEPARTMENT OF LABOR,<br>                Plaintiff,<br><br>HOME LUMBER RECYCLING, INC. AND JERRY<br>L. RICHTER, individually,<br>                Defendants. | )<br>)<br>)<br>)CIVIL ACTION FILE<br>)NO. 5:10-cv-04097-KHV-JPO<br>)<br>)<br>)<br>) |

<u>PRELIMINARY INJUNCTION</u>

    Following the hearing held on August 23, 2010, attended by counsel for Defendants, on Plaintiff's motion for a temporary restraining order, and with Defendants' consent to entry of this Preliminary Injunction, the Court enters the following injunction against Defendants Jerry Richter and Home Lumber, Inc.

    Based on the evidence presented at the hearing held on August 23, 2010, a substantial likelihood exists that any pallets, poles, or crates inspected, worked on, produced, or repaired at Defendants' facilities in Hanover, Kansas and/or Washington, Kansas are "hot goods" produced in violation of the Fair Labor Standards Act, 29 U.S.C. § 215(a)(1) and that shipping these goods in interstate commerce would cause irreparable harm. This evidence included Defendants' admission that they do not pay overtime premiums when their workers manufacture and repair pallets, poles, and crates for more than forty hours per week, and evidence that these workers regularly did work overtime. Defendants classify these workers as independent contractors, pay them in cash, and do not provide any overtime premiums. The Court finds a substantial likelihood that Plaintiff will prevail on its argument that these workers are employees covered by the Fair Labor Standards Act rather than independent contractors.

IT IS HEREBY ORDERED, pursuant to 29 U.S.C. § 215(a)(1) and Fed.R.Civ.P. 65, that Defendants, their agents, servants, employees, successors, assigns, attorneys and all persons and entities in active concert or participation with them who receive actual notice of this Order, are hereby restrained and enjoined from: transporting; offering for transportation; shipping, delivering or selling in commerce; or shipping, delivering or selling with knowledge that shipment, delivery or sale in commerce is intended, any pallets, poles or crates owned and/or controlled by Defendants which are stored at Home Lumber Recycling, Inc. in Hanover, Kansas, or any other location owned, operated, leased or controlled by Defendants, that were inspected, worked on, produced, or repaired by Defendants' employees since August 17, 2008.

Dated: September 2, 2010

                                         s/ Kathryn H. Vratil
                                         CHIEF JUDGE KATHRYN H. VRATIL
                                         UNITED STATES DISTRICT JUDGE