IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

```
HILDA L. SOLIS, SECRETARY OF LABOR,       )
UNITED STATES DEPARTMENT OF LABOR,        )
                                          )
                 Plaintiff,               )
                                          )   CIVIL ACTION
v.                                        )
                                          )   No. 10-4097-KHV
HOME LUMBER RECYCLING, INC. and           )
JERRY L. RICHTER,                         )
                                          )
                 Defendants.              )
_____)
```

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's Application For Judgment By Default (Doc. #27) filed January 10, 2011, which the Court construes as a motion for entry of default. Plaintiff asks the Court to enter default judgment against Home Lumber Recycling, Inc. for failing to obtain substitute counsel. Plaintiff may not proceed directly to default judgment, however, before receiving an entry of default. Sheldon v. Khanal, No. 07-2112-KHV, 2007 WL 2213540, at *2 (D. Kan. Aug. 1, 2007). Rule 55 contemplates a two-step process by which a party first receives an entry of default under Rule 55(a) and then applies for default judgment under Rule 55(b). Id. (citing Williams v. Smithson, 57 F.3d 1081 (Table), 1995 WL 365988, at *1 (10th Cir. June 20, 1995)). Because plaintiff cannot proceed directly to default judgment, the Court construes its motion as one for entry of default rather than one for default judgment. See Life Ins. Co. of N. Am. v. Jenkins-Dyer, No. 08-2129 KHV, 2009 WL 297481, at *3 (D. Kan. Feb. 6, 2009).

Plaintiff's motion for entry of default is well taken. At the scheduling conference on December 17, 2010, Magistrate Judge James P. O'Hara granted defense counsel's motion to withdraw and ordered Home Lumber Recycling, Inc. to have substitute counsel enter an appearance by January 3, 2011. To date, Home Lumber Recycling has not done so. Accordingly, the Court

-1-

sustains plaintiff's motion for entry of default for failing to defend by obtaining substitute counsel.

**IT IS THEREFORE ORDERED** that Plaintiff's Application For Judgment By Default (Doc. #27) filed January 10, 2011, which the Court construes as a motion for entry of default, be and hereby is **SUSTAINED**. The Clerk is directed to enter default against Home Lumber Recycling, Inc.

Dated this 19th day of January, 2011 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge